UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-05320-SVW-BFM | | Date | June 18, 2026 |
|---|---|---|---|---|
| Title | *Eva Jones v. The United States of America et al* | | | |

**Present: The Honorable**   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**        FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 16, 2026, the Court held a bench trial in this case. After carefully considering the evidence presented at trial, the Court found that Plaintiff Eva Jones ("Plaintiff") had not met her burden in showing that Defendant United States of America ("Defendant") was liable for U.S. Postal Service ("USPS") truck driver Samuel Torres ("Torres") rear-ending Plaintiff's vehicle.

Rule 52(a) requires that after a bench trial a district court "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). The Ninth Circuit has "held that Rule 52(a) requires the district court's findings to 'be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1090 (9th Cir. 2002) (quoting *Alpha Distrib. Co. v. Jack Daniel Distillery*, 454 F.2d 442, 453 (9th Cir.1972)). The Court orally made findings of fact and conclusions of law following the conclusion of the bench trial. We attach them to this Order and summarize them below.

We granted judgment in favor of Defendant for two independent reasons.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05320-SVW-BFM | Date | June 18, 2026 |
| Title | *Eva Jones v. The United States of America et al* | | |

First, Plaintiff failed to establish that Torres breached his duty of care. Given the circumstances, Torres was driving in a reasonable manner. He testified that he was driving under the speed limit, kept a four-to-five car length distance between his vehicle and Plaintiff's vehicle, and applied the brakes when he saw the cars in front of him brake suddenly.[1] Torres's decision to not slam on the brakes was not unreasonable because doing so would have put him at risk of being struck by the vehicle behind him, which could have resulted in an even worse accident. Torres was forced to balance the circumstances before him in a split second and used his best judgment to react reasonably to the situation.

Second, even if there were a breach, Plaintiff failed to meet her burden to prove her damages. The Court cannot admit as evidence any of Plaintiff's exhibits attempting to show her damages—including medical records and bills, and repair estimates. For one, Plaintiff's failure to present any testimony regarding these exhibits means they lack a proper foundation. Moreover, as to the exhibits that present diagnoses, without the testimony of a medical professional, these exhibits are simply hearsay. Finally, as to the exhibits showing the repairs to Plaintiff's vehicle, without the testimony of an automotive witness, Plaintiff cannot show that the repairs to her vehicle were all caused by the accident.

For the foregoing reasons, the Court finds that Plaintiff has not met her burden to establish Torres's negligence. Accordingly, judgment is entered for Defendant.

**IT IS SO ORDERED.**

---

[1] The Court finds Torres more credible than Plaintiff due the various inconsistencies presented between Plaintiff's in-court testimony and her deposition. For example, whereas in her deposition Plaintiff said that it was raining at the time of the accident, Plaintiff said it was not raining at the time of the accident during the bench trial.

:

Initials of Preparer    DTA

-- don't show any severe impact.

MR. VARSHOVI:  That's correct, Your Honor.

THE COURT:  They do show some impact, and that's undisputed, but there's no testimony that what was observed in the photographs could be the basis for the repairs.

MR. VARSHOVI:  That's correct, Your Honor.

THE COURT:  I'll take a short recess.

THE CLERK:  All rise.  And in recess.

(Recess from 10:55 a.m. to 11:01 a.m.)

AFTER RECESS

(Call to Order of the Court.)

THE COURT:  Okay.  After hearing the evidence, these are the Court's findings:

First, the question, of course, is whether the postal driver used reasonable care given the duty to be observed under the circumstances, and in my view, he did.  It was a sudden, intervening act that was the proximate cause of the accident, not the postal driver's negligence.  Obviously, he applied the brakes with some force.  He may not have slammed the brakes, but he used some force because he said he hydroplaned, and a reasonable conclusion is some reasonable force had to be used in order to hydroplane into the plaintiff's car.  He had to balance two circumstances in a split second, and if he was struck in the back by the car in back of him, he had to use his best judgment in a split second

to adjust his reaction, and if the car in back of him struck him, the accident to the plaintiff might have even been worse.

So I find the postal driver credible. I have some difficulty with the plaintiff's credibility because she said that it wasn't raining at the time of the accident, but it had been raining. The postal driver said it was raining at the time of the accident. I find the postal driver more credible.

Even if the postal driver was at fault, the plaintiff has not sustained its burden in establishing damages. The exhibits are without foundation. The plaintiff offered no testimony regarding those exhibits. The Government objected to them. Clearly, to the extent they contain any diagnosis, without a doctor here, there's no -- they're hearsay. There's even a question about whether the repairs were all caused by the accident because there's no one from the repair shop to say that whatever was done had to be done as a result of the accident. So even if the postal driver was at fault, there's no proof of any damage. Psychologically, given the nature of the accident, I find the plaintiff lacks credibility, as does her friend. Under these circumstances, the way she describes her reaction is not reasonable.

Accordingly, judgment is for the Government.

That's it.

THE CLERK: All rise. The court stands adjourned.

(Proceedings adjourned at 11:06 a.m.)

I N D E X